Alfred P. Vigorito
John W. Barker
Gary W. Patterson, Jr.*
Jeffrey R. Nichols*
Mamie Stathatos-Fulgieri
Scott A. Singer
Gregg D. Weinstock**■ �×
Kiki Chrisomallides*
Kevin D. Porter
Susan Vari

Margaret Antonino* ■
Edward J. Arevalo
Graig R. Avino*
Michael J. Battiste
Robert Boccio
Bruce Brady *
Dylan Braverman
Thomas Brennan ▲
Dawn Bristol
Kenneth J. Burford
Gilbert H. Choi
Joshua R. Cohen
Adam S. Covitt

Charles K. Faillace ☆
Danielle M. Hansen
Anna Hock
Thomas Jaffa
Gemma Kenney ***
Ruth Bogatyrow Kraft
Douglas Langholz
Jason Lavery *
Megan A. Lawless‡
Guy A. Lawrence
Timothy P. Lewis ~
Jennifer M. Lobaito
Neil Mascolo, Jr.
Adonaid Medina*
Ralph Vincent Morales
Vincent Nagler **
Carolyn Rankin
Miles S. Reiner
Bhalinder L. Rikhye
Tammy A. Trees
Nicole M. Varisco
Julia F. Wilcox ☵
Arthur I. Yankowitz**



# VIGORITO, BARKER, PATTERSON, NICHOLS & PORTER, LLP

Danielle Bennett △
Theresa A. Bohn
Angela R. Bonica *
Michael P. Diven * ** ☵
Tyler M. Fiorillo
Lauren P. Ingvoldstad†
Nicole E. Martone
John O'Brien
Daniel O'Connell * ■
Emily Phillips
Alesha Powell
Andres J. Sanchez
Kathleen M. Thompson
Paul Toscano
Claudine Travers
Alexandra Zerrillo * **

*Of Counsel*
Patricia M. Comblo ☵☆
Josie M. Conelley
Brian DiPentima*
Tricia Crisito
Roseann V. Driscoll
William Gagas ☵
Mary M. Holupka
Rani B. Kulkarni
Joseph P. Muscarella
Seema Palmerson
Nicole C. Salerno *
Valerie L. Siragusa
Diana V. Sella
Paul Varriale
Karolina Wiaderna

* Also Admitted to Practice in NJ
** Also Admitted to Practice in CT
*** Also Admitted to Practice in NJ, CT, DC
~ Admitted to Practice in Florida
▲ Also Admitted to Practice in FL
‡ Also Admitted to Practice in NJ and PA
☵ Also Admitted to Practice in MA
△ Also Admitted to Practice in Ohio
☆ Admitted to Practice in CO
† Admission Pending

August 1, 2022

**VIA CM/ECF**
Judge Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

## MEMO ENDORSED.

Re: *Alston v. Harlem Center for Nursing and Rehabilitation, LLC, et al.*
Case No. 1:22-cv-06293



Dear Judge Kaplan:

The undersigned represents defendants Harlem Center for Nursing and Rehabilitation, LLC, Greater Harlem Home and Rehabilitation Center, Inc. and the Allure Group ("Defendants") in the above-referenced action.  This letter is submitted to request an extension of time to answer and for a briefing schedule allowing Defendants to file a motion to dismiss for the reasons stated below. Also, in the event plaintiff seeks remand, Defendants request that such application be held in abeyance until after the Second Circuit issues its decisions in the appeals *Leroy v. Hume*, Nos. 21-2158, 21-2159 (cons.) and *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center*, 21-2164 because they concern the issue of subject matter jurisdiction.

First, it should be noted that plaintiff lacks standing to pursue this claim. Plaintiff Mark Alston files this action as a "Proposed Administrator of the Estate of Henrietta Alston." It is well settled that a "Proposed" estate representative lacks standing, and a case must be dismissed on those grounds. Defendants intend to make a motion to dismiss on this basis if the Court will grant a briefing schedule for same. *See* NY EPTL §5-4.1(1); *Bush v. City of Utica*, 948 F. Supp. 2d 246, 253 (N.D.N.Y. 2013), *aff'd Bush v. City of Utica, N.Y.,* 558 F. App'x 131 (2d Cir. 2014).

Defendants further intend to move for dismissal under Fed. R. Civ. P. §§ 12(b)(1) and 12(b)(6), on the basis that the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. § 247d-6d and 42 U.S.C. § 247d-6e, and New York's Emergency or Disaster Treatment Protection Act ("EDTPA"), N.Y. Pub. Health Law § 3082, provide immunity from suit and liability to Defendants for the claims asserted in the Complaint.  Plaintiff's claims arise out of and relate to the administration of covered countermeasures, as defined by the PREP Act, to prevent, diagnose and treat COVID-19.  As such, it is respectfully submitted that the immunity provisions of the PREP Act bar suit for the claimed injuries, requiring dismissal of the Complaint.

Plaintiff's claims are also barred by New York's EDTPA, which mandates dismissal of any claim involving care that was impacted by acts or decisions by healthcare providers and facilities in response to the COVID-19 pandemic.  Plaintiff alleges injury resulting from the provision of health care services pursuant to a COVID-19 emergency rule, and the patient's care and treatment were impacted by Defendant's decisions and activities in response to the COVID-19 outbreak. The entire premise of the Complaint is a critique of Defendants' activities and decisions in response to or as a result of the COVID-19 outbreak, thereby triggering the immunity conferred by the EDTPA and thus requiring dismissal.

Defendants removed this action on the basis that Plaintiff's claims: (1) "aris[e] under" federal law within the meaning of 28 U.S.C. § 1331 because they are completely preempted by the PREP Act; (2) "aris[e] under" federal law within the meaning of 28 U.S.C. § 1331 because, under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*., 545 U.S. 308 (2005), these claims necessarily involve substantial and disputed questions of federal law; and (3) form the basis for federal jurisdiction because defendants subject to such claims are persons acting under federal officers within the meaning of 28 U.S.C. § 1442(a)(l).

Defendants anticipate that Plaintiff will move to remand this action to state court.  The legal bases for Defendants' assertion of subject matter jurisdiction are currently before the United States Court of Appeals for the Second Circuit in *Leroy v. Hume*, Nos. 21-2158, 21-2159 (cons.) and *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center*, 21-2164, with briefing complete in both appeals and the parties awaiting oral argument.  As such, Defendants respectfully ask this Court to hold any consideration of remand in abeyance until after the Second Circuit renders a decision in *Rivera-Zayas* and *Leroy* on these novel, first-impression issues of federal jurisdiction.

A number of courts, including this Court, the Second Circuit, and the Southern District of New York, have held briefing of these issues in abeyance pending the resolution of these appeals.  *See Walker v. Richmond University Medical Center*, Case Nos. 22-206, 22-269 (con.) (2d Cir.) (holding briefing of appeal of remand order in abeyance pending determinations of identical first-impression legal issues in *Leroy* and *Rivera-Zayas*); *Kump v. Chapin Home For The Aging*, Case No. 1:22-cv-03189-DG-MMH (E.D.N.Y. July 19, 2022) (holding motion practice in abeyance pending Second Circuit's resolution of *Rivera-Zayas* and *Leroy* which are "likely to be instructive in this action"); *Weppler v. Highfield Gardens Care Center of Great Neck,* Case No. 2:22-cv-02905-AMD-CLP (E.D.N.Y. June 3, 2022) (same); *Jenkins v. Dewitt Rehabilitation and Nursing Center, Inc. et al.*, 1:22-cv-05985-PAE (S.D.N.Y. July 15, 2022) (staying case pending Second Circuit's resolution of jurisdictional question at issue); *Mitchell, et al. v. Parkview Operating Co. LLC, et al.,* Case No.: 7:22-cv-02357-NSR (S.D.N.Y., April 25, 2022); *Wegenaar v. Our Lady of Consolation Geriatric Care Center, et al.,* Case No.: 2:22-cv-02334-JS-ST (E.D.N.Y., May 24, 2022).  (Orders attached hereto).

In conclusion, it is respectfully requested that the Court extend the time for Defendants to answer and set a briefing schedule for its motion to dismiss. Alternatively, if plaintiff requests remand, we then ask the Court to stay the action pending the decision of the *Leroy v. Hume*, Nos. 21-2158, 21-2159 (cons.) and *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center*, 21-2164 appeals. We thank the Court for its consideration of this request.

Sincerely,

*Nicole M. Varisco*

Nicole Varisco (NZ2525)
(n.varisco@vbpnplaw.com)

Cc: via CM/ECF and e-mail
NAPOLI SHKOLNIK, PLLC
Joseph Ciaccio
*Attorneys for Plaintiff*
JCiaccio@NapoliLaw.com

Plaintiff asks the Court to set a briefing schedule for his anticipated motion to remand this action back to state court. *See* ECF 8. Having considered the parties' submissions, the Court concludes that a stay is appropriate. Accordingly, Defendant's request to stay the case is **GRANTED**.

This case is stayed pending the Second Circuit's resolution of the subject matter questions at issue here. The parties are directed to file a joint status letter within one week of a disposition from the Second Circuit, indicating the decision's bearing on this case. The Initial Case Management Conference scheduled for October 11, 2022 is adjourned *sine die.*

**SO ORDERED.**

_____
Ona T. Wang                    8/10/22
U.S.M.J.